## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN HOLNESS, | No. 4:22-CV-00128 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. L. JAMISON, | |
| Respondent. | |

## MEMORANDUM OPINION

### OCTOBER 14, 2022

Petitioner Ryan Holness, an inmate confined at FCI Allenwood Medium, in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Holness seeks to challenge several discretionary decisions made by the federal Bureau of Prisons (BOP).  Because subject matter jurisdiction is lacking for Holness's claims, the Court must dismiss his Section 2241 petition.

## I.  BACKGROUND

Holness is currently serving a life sentence imposed by the United States District Court for the District of Maryland for interstate domestic violence.[1]  In his Section 2241 petition, he challenges the BOP's denial of his requests for video visitation and to be transferred to a facility closer to his home.  Respondent

---

[1]  *United States v. Holness*, No. 1:09-CR-00611-ELH, Doc. 103 (D. Md. June 9, 2011).

opposes Holness's petition, arguing that there is no jurisdiction for the claims therein.  Holness has not filed a reply to Respondent's answer and the time for doing so has passed, so his Section 2241 petition is ripe for disposition.

## II.   DISCUSSION

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."[2]  A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[3]  Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence.[4]  However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody."[5]

---

[2]   28 U.S.C. § 2241.

[3]   *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[4]   *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").

[5]   *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).

Holness seeks relief that does not implicate the fact, duration, or execution of his sentence.  He challenges the BOP's discretionary decisions regarding denial of video visitation and denial of his garden-variety request to be transferred to a different facility of incarceration.  Neither of these issues implicates habeas corpus relief and therefore this Court does not have jurisdiction to entertain Holness's Section 2241 petition.[6]

## III.   CONCLUSION

Because subject matter jurisdiction is lacking, the Court must dismiss Holness's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[6]   *See Cardona*, 681 F.3d at 537-38.